IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OLIVIA MCMULLEN                                                                                    PLAINTIFF

v.                                            Case No. 6:18-cv-6126

CODY BETHELL, et al.                                                                          DEFENDANTS

## **ORDER**

Before the Court is Defendant's Motion for Agreed Protective Order. (ECF No. 20). Upon consideration, the Court finds good cause for the motion has been shown. Accordingly, Defendant's Motion for Agreed Protective Order (ECF No. 20) is hereby **GRANTED**. The Court orders as follows:

1. Counsel for Defendants have agreed to produce personnel files of employees and/or other confidential records.

2. The documents contained in the files shall be provided in a redacted form (excluding personally sensitive information such as Social Security numbers, birthdates, medical records, etc.), and shall be considered confidential.

3. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiff nor his counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action.

4. All confidential records, documents, tapes, or other information provided hereunder shall be retained in the custody of the Plaintiff's counsel including their paralegal, secretarial staff,

and/or other staff members, during the pendency of this litigation. Plaintiff's counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the Plaintiff or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's prosecution in this litigation.

5. If confidential documents or records are used during depositions, the depositions shall be treated as confidential in accordance with this Order. Any party wanting to designate a portion of a deposition as confidential should do so at the time of the deposition or within 10 days of the transcript being produced.

6. Plaintiff, Plaintiff's, counsel, their staff, and any retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person.

7. Within thirty (30) days of the final termination of this action, including all appeals, Plaintiff's counsel shall return all documents and any copies thereof to counsel for Defendants. If the documents are not needed prior to the termination of this action, counsel shall immediately return them to defense counsel.

8. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

9. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

10. Confidentiality designations are to be made in good faith, and if the parties cannot agree on the designation, it will be the designating party's burden to prove confidentiality.

11. Documents covered under this order may be filed with the Court in a redacted form that eliminates confidential information (e.g., Social Security numbers, dates of birth, addresses, phone numbers, etc.) in accordance with Federal Rule of Civil Procedure 5.2.

12. This Order does not waive the right of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

13. Should a discovery dispute arise, counsel should confer in good faith before bringing any discovery dispute before the Court. If the parties reach a discovery impasse, a joint report explaining the disagreement shall be filed.

**IT IS SO ORDERED**, this 27th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge